# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:11-CV-01919-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 11)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (DOC. 17) |

Plaintiff Carl R. Love ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 9, 2011, the Court dismissed this action as duplicative of the action filed as Case No. 1:11-cv-1903-SKO PC, *Love v. Cate, et al.*  Pending before the Court is 1) Plaintiff's motion for reconsideration, filed December 20, 2011, and 2) Plaintiff's motion to proceed in forma pauperis on appeal, filed January 19, 2012.

**I.      Motion For Reconsideration**

Because Plaintiff appeals from a final judgment of the Court within twenty-eight days after the entry of judgment, the Court construes the motion as one pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its

1

1  entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation
2  marks omitted). This Court's Local Rule 230(j) requires a party seeking reconsideration to
3  demonstrate "what new or different facts or circumstances are claimed to exist which did not
4  exist or were not shown upon such prior motion, or what other grounds exist for the motion . . .
5  and . . . why the facts or circumstances were not shown at the time of the prior motion."

6       Plaintiff presents no argument that merits reconsideration. This action is duplicative of
7  Case No. 1:11-cv-1903-SKO PC, and should not proceed. Plaintiff is not permitted to proceed in
8  two actions involving the same subject matter at the same time in the same court against the
9  same defendants. *Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).
10 It is irrelevant how or why a duplicative action was filed. The Court notes that Plaintiff
11 continues to proceed in Case No. 1:11-cv-1903-SKO PC, and thus has not been prejudiced by the
12 dismissal of this action.

13      Accordingly, Plaintiff's Rule 59(e) motion, filed December 20, 2011, is denied.

14 **II.    Motion To Proceed In Forma Pauperis**

15      Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if
16 the trial court certifies in writing that it is not taken in good faith." The Court finds that
17 Plaintiff's appeal is not taken in good faith. The appeal is frivolous for the reasons mentioned
18 above regarding Plaintiff's motion for reconsideration. *See Hooker v. American Airlines*, 302
19 F.3d 1091, 1092 (9th Cir. 2002) (denial of in forma pauperis status appropriate where district
20 court finds appeal to be frivolous). Accordingly, it is HEREBY ORDERED that Plaintiff's
21 motion to proceed in forma pauperis on appeal, filed January 19, 2012, is denied.

22 IT IS SO ORDERED.

23 **Dated:    January 25, 2012**          /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE